UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILBERT THOMAS,<br><br>    Plaintiff,<br><br>v.<br><br>OAK SMITH, et al.,<br><br>    Defendants. | Case No. 23-cv-05617-JSC<br><br>**ORDER GRANTING EXTENSION OF TIME TO SUBMIT COMPLAINT ELECTRONICALLY; DENYING REQUEST FOR ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION OR TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 2 |

Plaintiff is a California prisoner at San Quentin State Prison who is proceeding without a lawyer. On October 31, 2023, after Plaintiff sent the Court his 42 U.S.C. § 1983 complaint and application to proceed in forma pauperis ("IFP") by regular mail from San Quentin, a facility which participates in prison email filing with this Court, the Clerk sent him a notice ("deficiency notice") to file his complaint and IFP application by prison email as required by General Order No. 76. (Dkt. No. 1.) Plaintiff has not complied with these instructions and the deadline to do so, November 14, 2023, has passed.

Plaintiff has filed a "memorandum" seeking "an order to show cause for a[] preliminary injunction or temporary restraining order." (ECF Nos. 2.) In his accompanying declaration, Plaintiff states prison officials opened the Clerk's deficiency notice outside of his presence, destroyed the envelope, delivered the notice to him in an inter-office envelope on November 14, 2023, and did not log the mail. (ECF No. 3 at 1-2 ¶¶ 4-6, 9-10.) Plaintiff's memorandum asserts "prison officials" violated his right of access to the courts and his First Amendment right to freedom of speech. (ECF No. 2 at 1:21-25.) Plaintiff does not indicate, however, what form of injunctive relief he seeks or against whom, but appears to simply seek to stop unspecified prison

officials from violating these constitutional rights generally.  It is not clear whether the officials he seeks to enjoin are Defendants or non-parties, the latter of whom cannot be enjoined in this case.  Furthermore, no injunctive relief to not violate federal law generally is necessary because prison officials are already prohibited from violating federal law, including Plaintiff's constitutional rights.  In any event, a preliminary injunction or temporary restraining order (TRO) cannot be issued because Plaintiff has not provided notice of the motion to the parties he seeks to enjoin or explained why not.  *See* Fed. R. Civ. P. 65(d)(2), 65(b)(1).  Accordingly, Plaintiff's request for an order to show cause regarding a preliminary injunction or TRO is DENIED.[1]

Because of the delay in Plaintiff's receipt of the deficiency notice, his deadline for complying with the notice is EXTENDED to, and including, December 14, 2023.  By that date, Plaintiff must either submit (i) by prison email an exact copy of his complaint in accordance with the instructions in the deficiency notice; or (ii) by regular mail a motion for leave to file his complaint by regular mail, in which he shows good cause why he cannot submit his documents electronically.

This order resolves docket number 2.

**IT IS SO ORDERED.**

Dated: November 29, 2023

JACQUELINE SCOTT CORLEY
United States District Judge

---

[1] The Court has also received from Plaintiff a summons (ECF No. 4) to Defendants to appear in this case with a proof of service of the summons on the Court.  Any necessary summonses for service by the United States Marshal will issue after review of the Complaint under 28 U.S.C. § 1915A.  The Court has also received a proof of service on the Court of the request for an order to show cause.  (ECF No. 5.)