UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILBERT THOMAS,<br><br>           Plaintiff,<br><br>   v.<br><br>OAK SMITH, et al.,<br><br>           Defendants. | Case No. 23-cv-05617-JSC<br><br>**ORDER GRANTING MOTION TO DISMISS; GRANTING LEAVE TO AMEND; DENYING MOTIONS TO ADMIT RECORDS; VACATING DISPOSITIVE MOTION SCHEDULE**<br><br>Re: Dkt. Nos. 35, 38, 39, 45 |

**INTRODUCTION**

Plaintiff, a California prisoner proceeding without attorney representation, filed this civil rights case under 42 U.S.C. § 1983 against three officials at San Quentin State Prison ("SQSP"): Warden Oak Smith, Correctional Officer S. Sanchez, and Correctional Officer J. Munger ("Defendants"). Defendants filed a motion to dismiss Plaintiff's Fourteenth Amendment claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted. (ECF No. 35.) Plaintiff filed an opposition, and Defendants filed a reply. (ECF No 36, 37.) For the reasons discussed below, the motion to dismiss is GRANTED, and Plaintiff is GRANTED leave to further amend.

Plaintiff has filed several motions to "admit" discovery and other records.[1] (ECF Nos. 38, 39, 45.) These motions are DENIED as unnecessary. The schedule for dispositive motions is VACATED until further order of the Court.

**BACKGROUND**

The First Amended Complaint ("FAC") is the operative complaint. (ECF No. 34.) In it, Plaintiff alleges he filed an administrative grievance on July 21, 2021, and on March 21, 2022, he

---

[1] Plaintiff does not assert these motions are related to the motion to dismiss.

filed a lawsuit in this District against "prison officials," including Defendant Warden Smith, *see Thomas v. Pashilk*, No. C 22-1778 JSC (PR) (N.D. Cal.) ("*Thomas v Pashilk*"). (*Id.* at 6:12-19.) In that lawsuit, his claim against Smith was dismissed on September 2, 2022, summary judgment was granted to the remaining defendants on January 2, 2024, and Plaintiff's appeal is currently pending. *Thomas v. Pashilk*, ECF Nos. 79, 80, 82.[2]

According to Plaintiff, Smith has engaged in a "pattern" of "intimidation to prevent the Plaintiff from maintaining" *Thomas v. Pashilk*, and "to deprive" him of his "rights to petition the government for redress of grievances." (ECF No. 34 at 6:20-25.) Smith "authorized" prison officials "to conduct additional strip searches and cell searches" of Plaintiff. (*Id.* at 6:26-28.) Officials conducted these searches on December 31, 2021, February 22, 2022, September 21, 2022, December 1, 2022, December 20, 2022, and January 16, 2023. (*Id.* at 7:13-9:27.) With respect to at least some of these searches, the prison issued "Program Status Reports" that the searches would be of "Security Threat Group" inmates (*id.* at 7:20-22, 8:15-17, 9:17-19), but Plaintiff is not a member of such a group (*id.* at 8:3-5).[3]

Defendants Sanchez and Munger conducted the strip and cell searches of Plaintiff on January 16, 2023, during which Sanchez told Plaintiff the search was authorized by "the wardens" and he should "drop the lawsuit . . . or suffer serious bodily harm." (*Id.* at 9:25-10:8.) Sanchez and Munger "demonstrated present ability to inflict harm by use of baton and chemical aerosol spray." (*Id.* at 10:26-28.) Plaintiff told Sanchez and Munger he was "being harassed and intimidated with cell search due to initiating a lawsuit against prison officials." (*Id.* at 10:9-11.) Following the search, Defendants left his cell in disarray, and his "legal documents of [*Thomas v. Pashilk*] were destroyed." (*Id.* at 11:5.) Sanchez handcuffed Plaintiff "extremely tight[ly] causing pain and injury to the wrist area." (*Id.* at 10:17-19.) Plaintiff received a Rules Violation Report for possessing a braided rope discovered during this search. (*Id.* at 11:2-4.) Plaintiff "believed

---

[2] Under Federal Rule of Evidence 201 the Court takes judicial notice of the records of Plaintiff's prior case. *See Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (taking judicial notice of records of plaintiff's other cases under Rule 201).
[3] Plaintiff alleges he does not have the Program Status Reports for all of the searches. (*See, e.g.*, ECF No. 9:9-10.)

1  continued exercise of his legal right to pursue the government for redress of grievance would
2  cause further harassment by prison officials." (*Id.* at 10:23-25.) His "fear of harassment" by
3  Defendants "continued after" January 16, 2023, as Defendants Munger and Sanchez were assigned
4  to the gun tower overseeing Plaintiff's exercise yard. (*Id.* at 11:8-13.)

Plaintiff's administrative grievance complaining about "harassment due to [him] initiating a lawsuit" was denied by Defendant Smith, and his appeal of that decision was denied by the Office of Appeals. (*Id.* at 12:2-12.)

**DISCUSSION**

I.   Plaintiff's Claim

The FAC contains one cause of action in which Plaintiff claims Defendants violated his First and Fourteenth Amendment rights. (ECF No. 34 at 12:22-24.) In the screening order, the Court concluded this claim, when liberally construed, was capable of judicial determination. (ECF No. 33 at 2:2-3; *see also* ECF No. 14 at 2:16-20 (screening original complaint under 28 U.S.C. § 1915A).)

Defendants move to dismiss Plaintiff's "Fourteenth Amendment claim," arguing Plaintiff has failed to state an equal protection claim and does not have a liberty interest in filing administrative grievances.[4] (ECF No. 35 at 3-4.) Plaintiff clarifies in his opposition that his Fourteenth Amendment claim is that Defendants violated his right to access the courts. (ECF No. 36 at 4:13.) Based upon this clarification, as well as the Court's reading of the FAC, the Court construes the Fourteenth Amendment claim in the FAC to allege Defendants violated his right to access the courts, and not to allege the Fourteenth Amendment violations Defendants argue in their motion to dismiss.[5] Defendants do not dispute this interpretation of Plaintiff's claim in their reply brief, and instead argue Plaintiff has failed to state a claim upon which relief may be granted for the denial of access to the courts. (ECF No. 37 at 2-3.) The Court addresses this argument,

---

[4] The motion to dismiss references a "third amended complaint" (ECF No. 35 at 2:16), but Plaintiff has not filed a third (or second) amended complaint.

[5] The right to access the courts is "unsettled" but has been grounded in the First Amendment, the Equal Protection Clause, and Due Process Clauses of the Fourteenth Amendment, the Fifth Amendment, and the Privileges and Immunities Clause of Article IV. *Christopher v. Harbury*, 536 U.S. 403, 415 & n.12 (2002).

3

below.

The Court also construes the FAC to allege Defendants retaliated against him for exercising his right to access the courts. *See Schroeder v. McDonald,* 55 F.3d 454, 461 (9th Cir. 1995) (holding a prisoner may not be retaliated against "for exercising his First Amendment right to pursue civil rights litigation in the courts" (citing *Rizzo v. Dawson,* 778 F.2d 527, 532 (9th Cir.1985)). Defendants acknowledge and do not move to dismiss this retaliation claim. (ECF No. 35 at 2:17-21.)

II.     Standard of Review

Failure to state a claim is grounds for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dismissal for failure to state a claim is a ruling on a question of law. *Parks School of Business, Inc., v. Symington*, 51 F.3d 1480, 1483 (9th Cir. 1995). "The issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations and internal quotations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007) (citations omitted). A motion to dismiss should be granted if the complaint does not proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570.

Review is limited to the contents of the complaint, *see Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994), including documents physically attached to the complaint or documents the complaint necessarily relies on and whose authenticity is not contested, *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001), *overruled on other grounds by Galbraith v.*

4

1  *Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). In addition, the court may take judicial

2  notice of facts that are not subject to reasonable dispute. *Id.* at 689 (discussing Fed. R.

3  Evid. 201(b)).

4  Allegations of fact in the complaint must be taken as true and construed in the light most

5  favorable to the non-moving party. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th

6  Cir. 2001). The court need not, however, "accept as true allegations that are merely conclusory,

7  unwarranted deductions of fact, or unreasonable inferences." *Id.* A pleading filed by a party

8  unrepresented by counsel must be liberally construed, and "however inartfully pleaded, must be

9  held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429

10  U.S. 97, 106 (1976) (internal quotations and citations omitted).

11  III.   Analysis

12  Prisoners have a constitutional right of access to the courts. *See Lewis v. Casey,* 518 U.S.

13  343, 350 (1996). Access-to-courts claims generally fall into two categories, with the first being

14  "forward-looking" claims arising from official action that "is presently denying an opportunity to

15  litigate." *Christopher v. Harbury,* 536 U.S. 403, 412-15 (2002). In a forward-looking claim, the

16  opportunity to litigate has been lost "only in the short term," and the "object" of the claim is "to

17  place the plaintiff in a position to pursue a separate claim for relief once the frustrating condition

18  has been removed." *Id.* at 413 (describing such claims as seeking law library use, a lawyer,

19  assistance with reading, or waiver of a filing fee). The second category consists of "backward-

20  looking" claims, which are:

21  claims not in aid of a class of suits yet to be litigated, but of specific
cases that cannot now be tried (or tried with all material evidence),
22  no matter what official action may be in the future. The official acts
claimed to have denied access may allegedly have caused the loss or
23  inadequate settlement of a meritorious case, *e.g., Foster v. Lake
Jackson,* 28 F.3d 425, 429 (C.A.5 1994); *Bell v. Milwaukee,* 746
24  F.2d 1205, 1261 (C.A.7 1984) ("[T]he cover-up and resistance of
the investigating police officers rendered hollow [the plaintiff's]
25  right to seek redress"), the loss of an opportunity to sue, *e.g., Swekel
v. River Rouge,* 119 F.3d 1259, 1261 (C.A.6 1997) (police coverup
26  extended throughout "time to file suit ... under ... statute of
limitations"), or the loss of an opportunity to seek some particular
27  order of relief, as [the plaintiff] alleges here. These cases do not look
forward to a class of future litigation, but backward to a time when
28  specific litigation ended poorly, or could not have commenced, or

5

could have produced a remedy subsequently unobtainable.

*Id.* at 413-14 (footnotes omitted).

To properly plead either type of access-to-courts claim, a prisoner must allege facts supporting a reasonable inference that prison officials' actions caused the inmate "actual injury" by "hinder[ing] his efforts to pursue" "nonfrivolous legal claims challenging [his] convictions or conditions of confinement." *Lewis*, 518 U.S. at 351, 354-55. In addition, "the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher*, 536 U.S. at 415. In addition, for backward-looking access-to-courts claims, the complaint must also "identify a remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought." *Id.*

As an initial matter, the Court construes Plaintiff to be making both "backward-looking" and "forward-looking" access-to-courts claims. *Id.* at 412-15. In his opposition, Plaintiff explains his claim is "that the Defendants acted with intent to prevent the lawsuit process by use of intimidation and coercion," and he cites his allegations that Defendants Sanchez and Munger searched him and his cell at the behest of Smith, during which search Sanchez told Plaintiff to "drop the lawsuit . . . or suffer serious bodily harm." (ECF No. 36 at 4:14-16 (citing ECF No. 34 at 4:4-11).) Plaintiff further alleges Sanchez and Munger "destroyed" his legal documents from *Thomas v Pashilk*. (ECF No. 34 at 11:5.) These allegations form a "backward-looking" access-to-courts claim that Defendants violated his right to access the courts by hindering — via threats, intimidation, harassment,[6] and destruction of his legal papers — his efforts to litigate *Thomas v Pashilk*. *See Christopher*, 536 U.S. at 413-14. In addition, Plaintiff alleges Defendants' actions "silence, chill, and prevent" him from pursuing claims against Defendants because his "continued exercise of the right to petition the government for redress of grievances would cause further harassment by prison officials." (ECF No. 34 at 10:23-25, 13:6-7.) These allegations are

---

[6] The Court understands Plaintiff's allegations of "intimidation" and "harassment" (ECF No. 34 at 11:8, 13:5) to include the allegations Defendants tightened his handcuffs too tightly, pursued a disciplinary report, and assignment of Sanchez and Munger to the gun tower of Plaintiff's section of the prison.

1  construed as making a "forward-looking" access-to-courts claim that Defendants actions are
2  "presently denying" him "an opportunity to litigate" claims that are "separate" from those he
3  pursued in *Thomas v. Pashilk*. *See Christopher*, 596 F.3d at 413.

### A. Backward-Looking Access-to-Courts Claim

The pleadings and service order in *Thomas v. Pashilk* (ECF No. 9; ECF No. 35 at 3-4) support a reasonable inference Plaintiff pursued nonfrivolous claims regarding the conditions of his confinement, namely that officials mishandled his legal mail and violated his due process rights at a disciplinary hearing. *See Lewis*, 518 U.S. at 351, 354-55; *Christopher*, 536 U.S. at 415. However, neither the FAC's allegations nor the records in *Thomas v. Pashilk* plausibly support a reasonable inference Defendants' alleged actions caused Plaintiff an actual injury by hindering his efforts to litigate these claims. *See Lewis*, 518 U.S. at 351, 356. Plaintiff alleges Defendants destroyed documents from his prior case during the January 2003 search, but he does not allege, nor is it reasonably inferable from the court records, what documents they destroyed or how Plaintiff not having such documents hindered him at his deposition, summary judgment, on appeal, or at some other stage of the case. Nor can a reasonable inference be drawn as to what hindrances to Plaintiff's litigation — such as missed deadlines, dropped arguments, or other problems — were caused by Defendants' alleged threat and other actions during the search. While the court records support a reasonable inference Plaintiff lost his nonfrivolous claims at summary judgment *after* Defendants' search, *see Thomas v. Pashilk*, No. C 22-1788 JSC (PR) (ECF No. 79), this timing is insufficient on its own to support a reasonable inference he lost those claims *because of* Defendants' actions during the search. *Cf. Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000) (holding claim cannot rest on the logical fallacy of "after this, therefore because of this"). Consequently, Plaintiff has not sufficiently alleged the essential element of his access-to-courts claim that Defendants' alleged actions caused him an actual injury. *Lewis*, 518 U.S. at 351.

While Plaintiff has not alleged facts that plausibly support Defendants' actions injured him for his backward-looking access-to-courts claim, Plaintiff has satisfied the "requirement that a backward-looking denial-of-access claim provide a remedy that could not be obtained on an

existing claim." *Christopher*, 536 U.S. at 420-21. In *Christopher*, the plaintiff did not satisfy this requirement because she did not seek "relief on the access claim that she cannot obtain on her other tort claims" that remained "pending in the District Court." *Id.* at 421-22. Here, the relief Plaintiff seeks is an injunction to enjoin Defendants from violating his First and Fourteenth Amendment rights, as well as declaratory relief and punitive damages for violating those rights. (ECF No. 34 at 15.) The relief Plaintiff can obtain on his other claim (for retaliation) would not include injunctive, declaratory, or punitive relief for any non-retaliatory obstruction of his access to the courts. In addition, any relief Plaintiff may yet obtain in *Thomas v. Pashilk* (which, as noted, remains on appeal) would be for interference with his legal mail and/or inadequate procedures at a disciplinary hearing, and would not encompass relief for being denied his right to access the courts.

### B. Forward-Looking Access-to-Courts Claim

As discussed above, the FAC is liberally construed to also allege a forward-looking access-to-courts claim that Defendants have "chilled" Plaintiff from litigating additional claims separate from the claims in *Thomas v. Pashilk*. The FAC does not allege what other claims Plaintiff is seeking to litigate, however, nor can such claims be reasonably inferred from the judicially-noticed court records in *Thomas v. Pashilk*. Under *Christopher* and *Lewis*, Plaintiff must describe the claims besides those in *Thomas v. Pashilk* he is seeking to litigate, and he must make allegations that plausibly support a reasonable inference such claims are nonfrivolous and concern the conditions of his confinement or his conviction. *See Christopher*, 536 U.S. at 415; *Lewis*, 518 U.S. at 351, 354-55.

In addition, neither the FAC's allegations nor the records in *Thomas v. Pashilk* plausibly support a reasonable inference Defendants' alleged actions caused Plaintiff an "actual injury" by hindering his present or future efforts to litigate claims other than those in *Thomas v. Pashilk*. *See Lewis*, 518 U.S. at 351, 356. The FAC does not allege what hindrances if any were caused by Defendants' actions, such as not filing claims or other ways he did not litigate such claims, nor are such hindrances reasonably inferable from the court records in *Thomas v. Pashilk*. To properly allege "actual injury" for this claim, Plaintiff must allege facts or present court records that

8

plausibly support reasonable inferences as to the hindrances Defendants caused to his opportunity to litigate present or future claims separate from the claims in *Thomas v. Palshik*.

### C.     Leave to Amend

As the Court cannot conclude any further amendment would be futile, Plaintiff will be granted leave to amend his FAC to attempt to allege a claim(s) that Defendants denied him access to the courts.  Plaintiff is instructed that if he repleads this claim, it should be pled in a cause of action separate from his First Amendment retaliation claim which is not being dismissed.  Further, a backwards-looking access-to-the-courts claim (that is, the claim he was hindered in litigating *Thomas* v. *Pashilk*), should be pled in a cause of action separate from any forward-looking access-to-the-courts claim.  So, in a Second Amended Complaint, the first cause of action should only allege the retaliation claim.  If Plaintiff does not file a Second Amended Complaint, the case will proceed on the retaliation claim alone.

### CONCLUSION

For the reasons described above,

1. The motion to dismiss is GRANTED IN PART.  The claim for denial of access to court is DISMISSED with leave to amend.  The retaliation claim remains.

2. Plaintiff may amend his First Amended Complaint to attempt to allege a claim(s) that Defendants denied him access to the courts by filing a Second Amended Complaint on or before **May 1, 2025**.  No other claims or defendants may be alleged in the Second Amended Complaint without prior leave of Court.  The Second Amended Complaint must include the caption and civil case number used in this order (No. C 23-5617  JSC (PR)) and the words "COURT-ORDERED SECOND AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original and prior amended complaints, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from his original complaint or First Amended Complaint by reference; he must include in his Second Amended Complaint all the claims he wishes to pursue, including his retaliation claim, which is capable of judicial determination.  Failure to amend within the designated time and in accordance with this order will result in the First Amended Complaint being the operative complaint, and the case proceeding

only with his retaliation claim.

3. Plaintiff's motions to "admit" evidence are DENIED as unnecessary. The Court does not consider evidence at this stage of the proceedings. Plaintiff may submit evidence for consideration by the Court with his briefing on a summary judgment motion, or at trial. Plaintiff also should not file discovery requests or responses with the court.

4. In light of the above, the schedule for dispositive motions, as recently modified in the order granting Defendants' motion to extend the deadline for such motions (ECF No. 55), is VACATED. Briefing for dispositive motions will be scheduled following the above deadline for Plaintiff to amend his First Amended Complaint.

This order resolves docket numbers 35, 38, 39, 45.

**IT IS SO ORDERED.**

Dated: March 25, 2025

*Jacqueline Scott Corley*
JACQUELINE SCOTT CORLEY
United States District Judge