UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILBERT THOMAS,<br><br>            Plaintiff,<br><br>   v.<br><br>OAK SMITH, et al.,<br><br>            Defendants. | Case No. 23-cv-05617-JSC<br><br>**ORDER GRANTING MOTION TO PROCEED WITH FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 57 |

       Plaintiff, a California prisoner proceeding without representation by an attorney, filed this civil rights action under 42 U.S.C. § 1983. Defendants' motion to dismiss Plaintiff's First Amended Complaint was granted, and Plaintiff was granted leave to file a Second Amended Complaint. (ECF No. 56.) As Defendants' motion did not seek dismissal of Plaintiff's retaliation claim, Plaintiff was advised that his failure to file a Second Amended Complaint "will result in the First Amended Complaint being the operative complaint, and the case proceeding only with his retaliation claim." (*Id.* at 9:27-10:1.) Plaintiff has filed a motion to proceed with his First Amended Complaint[1] in which he indicates he does not intend to file a Second Amended Complaint and instead wishes to proceed only with the retaliation claim in his First Amended Complaint. (ECF No. 57.)

      Good cause appearing,

      1.    Plaintiff's motion to proceed only with the retaliation claim in his First Amended Complaint is GRANTED. The other claims in the First Amended Complaint are DISMISSED with prejudice.

---

[1] The docket incorrectly labels this motion as a "Motion to Amend/Correct Order on Motion to Dismiss, Order on Motion for Miscellaneous Relief, Order on Motion for Discovery." (ECF No. 57.)

2. No later than **July 14, 2025**, Defendants shall file a motion for summary judgment on . The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56 and shall include as exhibits all records and incident reports stemming from the events at issue. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

At the time the dispositive motion is served, Defendants shall also serve, on a separate paper, the appropriate notice required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012).

Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and served upon Defendants no later than **August 11, 2025**. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc).

Defendants shall file a reply brief no later than **August 25, 2025.**

The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

3. This order resolves docket number 57.

**IT IS SO ORDERED.**

Dated: April 17, 2025

JACQUELINE SCOTT CORLEY
United States District Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If Defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.