UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILBERT THOMAS,<br><br>    Plaintiff,<br><br>v.<br><br>OAK SMITH, et al.,<br><br>    Defendants. | Case No. 23-cv-05617-JSC<br><br>**ORDER GRANTING MOTION TO WITHDRAW; DENYING MOTION FOR SUMMARY JUDGMENT; OF DISMISSAL**<br><br>Re: Dkt. Nos. 59, 60 |

## INTRODUCTION

Plaintiff, a California prisoner proceeding without attorney representation, filed this civil rights case under 42 U.S.C. § 1983 against three officials at San Quentin State Prison ("SQSP"): Warden Oak Smith, Correctional Officer S. Sanchez, and Correctional Officer J. Munger ("Defendants"). Defendants' motion to dismiss all but the retaliation claim in the First Amended Complaint was granted. (ECF Nos. 56, 58.) Defendants filed a motion for summary judgment on the retaliation claim. (ECF No. 59.) In lieu of an opposition, Plaintiff filed a motion to "withdraw this civil rights action under 42 U.S.C. § 1983." (ECF No. 60 at 1:14-16.) Defendants filed a motion of non-opposition to Plaintiff's motion. (ECF No. 61.) For the reasons discussed below, the motion is GRANTED, and the case is DISMISSED without prejudice. The motion for summary judgment is DENIED as moot.

## DISCUSSION

**A.  Legal Standard**

Rule 41(a) of the Federal Rules of Civil Procedure governs voluntary dismissals and provides:

> (1) *By the Plaintiff.*
>
>     (A) *Without a Court Order.* Subject to Rules 23(e),

>23.1(c), 23.2 , and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
>>(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
>>(ii) a stipulation of dismissal signed by all parties who have appeared.
>
>(B) *Effect.* Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.
>
>(2) *By Court Order; Effect.* Except as provided in Rule 41(a)(1) , an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a)

**B.     Analysis**

Defendants have filed a summary judgment motion, and although the parties agree to the voluntary dismissal of the case, they did not file "a stipulation of dismissal signed by all parties" under Rule 41(a)(1)(A)(ii).  For these reasons, the Court applies Rule 41(a)(2), which grants a district court discretion to determine whether to allow dismissal and, if so, whether the dismissal should be with or without prejudice.  *See Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982).  In light of the parties' agreement to dismissal, the Court will allow Plaintiff to voluntarily dismiss this case under Rule 41(a)(2).

As for whether to dismiss the case with or without prejudice, Plaintiff does not request dismissal with or without prejudice (ECF No. 60 at 1-2), and Defendants state they seek dismissal with prejudice (ECF No. 61 at 1:24.)  If a plaintiff does not specifically request dismissal without prejudice, the district court may use its own discretion to make this determination, *Hargis v. Foster*, 312 F.3d 404, 412 (9th Cir. 2002), but the dismissal should be without prejudice "unless a defendant can show that it will suffer some legal prejudice as a result," *Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1279-80 (9th Cir. 2023) (footnote, citations and internal quotation marks omitted).  "Legal prejudice" is a term of art: it means "prejudice to some legal interest, some legal

claim, some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996).  The cases focus on the rights and defenses available to a defendant in future litigation, such as whether a dismissal without prejudice will result in the loss of a federal forum, or the right to a jury trial, or a statute of limitations defense. *Id.* at 97.  "Uncertainty because a dispute remains unresolved is not legal prejudice," and "the threat of future litigation which causes uncertainty is insufficient to establish plain legal prejudice." *Id.* at 96, 97.  Additionally, "the mere inconvenience of defending another lawsuit does not constitute plain legal prejudice," *Hamilton*, 679 F.2d at 145, and "plain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal," *Kamal*, 88 F.4th at 1280 (citation and internal quotation marks omitted).

` Here, Defendants make no argument or showing they will lose any rights or defenses available to them in future ligation, such as loss of a federal form, the right to a jury trial, or a statute of limitations defense, or any "prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996).  As a result, there is no indication of any legal prejudice to Defendants from a dismissal without prejudice, and the Court consequently concludes dismissal without prejudice is appropriate in this case.

## CONCLUSION

For the above reasons, Plaintiff's motion to withdraw is GRANTED, and this case is DIMSISSED without prejudice.  In light of this dismissal, Defendants' motion for summary judgment is DENIED as moot.

The clerk shall enter judgment and close the file.

This order terminates docket numbers 59 and 60.

//

//

//

//

3

**IT IS SO ORDERED.**

Dated: August 27, 2025

_____
JACQUELINE SCOTT CORLEY
United States District Judge